**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE**


| | | |
|---|---|---|
| **THOMAS A. DOLAN,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 3:06-CV-208** |
| | ) | **(Phillips)** |
| **UNITED STATES OF AMERICA,** | ) | |
| **GUY BLACKWELL, RANDALL KIZER, and** | ) | |
| **BRUCE POSTON,** | ) | |
| **Defendants** | ) | |


## <u>MEMORANDUM OPINION</u>

Plaintiff Thomas A. Dolan has filed tort claims against the United States, and *Bivens* claims and conspiracy claims against defendants Blackwell and Kizer arising out of a criminal case brought in the Eastern District of Tennessee in which Dolan was indicted but was later dismissed. The defendants have moved to dismiss all claims brought by plaintiff, or in the alternative, for summary judgment. For the reasons stated below, defendants' motion to dismiss will be granted and the United States of America, Guy Blackwell and Randall Kizer will be **DISMISSED** as defendants.


## <u>Background</u>

The plaintiff is an engineer who held a faculty position with the University of Tennessee Center for Industrial Services. During the course of his employment there, the plaintiff began working with Frank Prasil, an inventor who had developed a process for the

recycling of ink.  With the plaintiff's assistance, Prasil applied for and received a $390,000 research and development grant from the U.S. Department of Energy.

As one of the requirements for the grant, Prasil needed to obtain matching funds from an independent source.  He approached the East Tennessee Banking Corporation (ETB) and received a commitment for the necessary funding.  Prasil and the plaintiff informed the Tennessee Department of Environment and Conservation, which was partnered with the Department of Energy in the grant program, of ETB's funding commitment.  A short time later, however, ETB notified the plaintiff that it was withdrawing its financial support.

Apparently, Prasil was able to obtain the needed funding from another source. In the meantime, ETB allegedly formed Environmental Ink, Inc., a company devoted to the development of processes that were very similar to those invented by Prasil.  When Prasil and the plaintiff learned of Environmental Ink, they attempted to force the company to cease and desist from exploiting Prasil's research.

Bruce Poston, the President of both ETB and Environmental Ink, sent a twenty-four page letter to the Department of Energy asking for a formal investigation into the grant given to Prasil.  The letter outlined alleged irregularities in the grant application and questioned the use of grant funds.  Poston supposedly implicated the plaintiff as the author of the most misleading information in the grant application.  Copies of the letter were

sent to the plaintiff's employer and to the Tennessee Department of Environment and Conservation. The plaintiff left his position at the University of Tennessee and Prasil's grant was withdrawn.

The U.S. Department of Justice conducted an investigation to determine whether there was any truth in Poston's allegations. In August 2001, the plaintiff and Prasil were charged with making false statements to the Department of Energy and mail fraud. *United States of America v. Thomas A. Dolan,* No. 3:01-CR-115 (E.D.Tenn) (J. Varlan). The case was delayed until 2004, due to health problems of plaintiff's co-defendant, Prasil. In early May 2004, the United States began preparation for trial. It was discovered that the evidence establishing the mailing and venue for the false statements could not be found by state officials. Without the evidence, the United States was unable to prove the allegations in the indictment beyond a reasonable doubt, and the charges against the plaintiff were dropped.

On May 26, 2005 , the plaintiff, through counsel, initiated an action pursuant to 42 U.S.C. § 1983 in the United District Court, Middle Division, against the United States of America; Guy Blackwell, the federal prosecutor who brought the charges against the petitioner; Randall Kizer, a special investigator for the U.S. Department of Justice; and Bruce Poston, the President of ETB and Environmental Ink. The complaint alleged seven claims for relief:

1. Blackwell suppressed exculpatory evidence in violation of the plaintiff's right to due process;

2. Blackwell denied the plaintiff due process when he knowingly fabricated evidence;

3. Kizer denied the plaintiff due process when he knowingly fabricated evidence;

4. Blackwell, Kizer and Poston "formed an agreement to fabricate evidence" against the plaintiff in an effort to deny him due process;

5. Kizer violated the plaintiff's Fourth Amendment right to be free from unlawful seizure when he maliciously fabricated evidence which was used as a basis for establishing probable cause to bring criminal charges;

6. Blackwell violated the plaintiff's Fourth Amendment right to be free from unlawful seizure when he maliciously fabricated evidence which was used for establishing probable cause to bring criminal charges; and

7. The defendants knowingly conspired to violate the plaintiff's Sixth Amendment right to a fair trial by suppressing favorable and requested evidence from the plaintiff.

Defendants filed a motion to dismiss the action in the Middle District. Judge Trauger granted the motion on February 13, 2006, finding that because the alleged misconduct occurred in the Eastern District of Tennessee, the Middle District was not the proper venue for resolution of plaintiff's claims.

The present civil suit was filed by plaintiff on June 2, 2006, and replicates the previous civil suit filed against the defendants in the Middle District.

The defendants, United States of America, Guy Blackwell, and Randall Kizer, move pursuant to Rules 12 and 56 of the Federal Rules of Civil Procedure for an order dismissing plaintiff's claims against the United States and the claims against Blackwell and Kizer, or in the alternative, for summary judgment in defendants' favor on the basis of (1) lack of subject matter jurisdiction, (2) failure to state a claim upon which relief can be granted, (3) failure to meet traditional pleading standards, (4) statute of limitations, (5) failure to personally serve the individual defendants, (6) absolute immunity, (7) qualified immunity, and (8) substitution of the United States for any common law claims.

## Analysis

A "district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Federal courts are always "under an independent obligation to examine their own jurisdiction," *FW/PBS, Inc. v. City of Dallas,* 493 U.S. 215, 231 (1990), and a federal court may not entertain an action over which it has no jurisdiction. *See Insurance Corp. Of Ireland, Ltd v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 701 (1982). If a court lacks jurisdiction, it "cannot proceed at all in any cause; jurisdiction is power to

declare law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."  *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 94 (1998).

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted.  A motion to dismiss under Rule 12(b)(6) requires the court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief.  *Meador v. Cabinet for Human Resources,* 902 F.2d 474, 475 (6th Cir.) *cert. denied,* 498 U.S. 867 (1990).  The court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations.  *Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990); *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses).  The court must liberally construe the complaint in favor of the party opposing the motion.  *Id.*  However, the complaint must articulate more than a bare assertion of legal conclusions.  *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434 (6th Cir. 1988).  "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory."  *Id.* (citations omitted).

In the alternative, defendants have moved for summary judgment pursuant to Rule 56(c), Federal Rules of Civil Procedure.  Rule 56(c) provides that summary

judgment will be granted by the court only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The burden is on the moving party to conclusively show that no genuine issue of material fact exists. The court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Morris to Crete Carrier Corp.,* 105 F.3d 279, 280-81 (6th Cir. 1987); *White v. Turfway Park Racing Ass'n, Inc.*, 909 F.2d 941, 943 (6th Cir. 1990); *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). Once the moving party presents evidence sufficient to support a motion under Rule 56, Federal Rules of Civil Procedure, the non-moving party is not entitled to a trial simply on the basis of allegations. The non-moving party is required to come forward with some significant probative evidence which makes it necessary to resolve the factual dispute at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986); *White,* 909 F.2d at 943-44. The moving party is entitled to summary judgment if the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof. *Celotex,* 477 U.S. at 323; *Collyer v. Darling,* 98 F.3d 220 (6th Cir. 1996).

<u>Claims against the United States</u>

The plaintiff's claims against the United States are premised upon the doctrine of *respondeat superior.* However, as noted in Judge Trauger's memorandum,

> [T]he plaintiff cannot sue a defendant for constitutional violations solely because of its status as a supervisor or employer. 42 U.S.C. § 1983 will not support a claim posed on

a *respondeat superior* theory of liability. *Polk County v. Dodson,* 454 U.S. 312, 325 (1981). Where there is no allegation of participation, either directly or indirectly, by an employer in an allegedly wrongful act, the complaint fails to state a cause of action upon which relief can be granted. *See Dunn v. Tennessee,* 697 F.2d 121, 128 (6th Cir. 1982).

In this case, there are no allegations whatsoever suggesting that the United States or any of its agencies participated in the knowing and malicious fabrication of evidence, suppression of exculpatory evidence or conspiracy that is alleged against the individual defendants. Moreover, the remaining defendants are being sued in their individual rather than official capacities. Therefore, the complaint fails to state a claim against the United States upon which relief can be granted.

*Thomas A. Dolan v. United States of America, et al.,* Civil Action No. 3:05-0401 (M.D.Tenn. February 13, 2006). Plaintiff has filed the same exact allegations in the instant lawsuit. The court concurs with Judge Trauger's reasoning, and finds this portion of plaintiff's complaint fails to state a claim against the United States upon which relief can be granted. Accordingly, the plaintiff's claims against the United States based upon *respondeat superior* will be dismissed.

Next, plaintiff has brought no claims against the United States under the Federal Tort Claims Act (FTCA), and the applicable two-year statute of limitations would bar any such claims. The FTCA, 28 U.S.C. § 2675(a), requires that an administrative claim be presented to and finally denied by the appropriate federal agency before commencing suit in district court. A FTCA claim is governed by a two-year statute of limitations which is different from a *Bivens* case, which adopts the state's statute of limitations (in

Tennessee, one year).  The FTCA imposes its own statute of limitations, 28 U.S.C. § 2401(b), which provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

Accordingly, an individual seeking to bring an action under the FTCA "must present a written claim to the federal agency concerned within two years of the date the cause of action accrues."  Under the FTCA, a claim accrues when the plaintiff discovers, or in the exercise of reasonable diligence should have discovered the injury and its cause.  *Landreth v. United States,* 850 F.2d 532, 533 (9th Cir. 1988).

Plaintiff's claims accrued, at the latest, on May 28, 2004, when he received notice that the criminal case against him was being dismissed.  The record shows that no administrative claims have been filed by plaintiff, and over two years have passed since the dismissal of the charges against him.  Therefore, any common law claims against the United States that could have been filed by plaintiff under the FTCA are time-barred, and will be dismissed for lack of subject matter jurisdiction.

<u>Section 1983 Claims</u>

Plaintiff alleges that he is entitled to relief pursuant to 42 U.S.C. § 1983.  However, § 1983 cannot serve as the basis for a claim against federal officers or the United

States.  An essential element of a claim under § 1983 is that the "conduct complained of must be committed under color of state law."  *Leon v. Fed. Reserve Bank Chicago,* 823 F.2d 928, 931 (6th Cir. 1987).  A § 1983 action cannot be sustained if the actions were not taken under color of state law.  Federal agencies and their agents act under color of federal, not state law, so the federal government and its officials are not subject to suit under § 1983.  *Conner v. Greef,* 99 Fed.Appx. 577, 580 (6th Cir. 2004).  Defendants Blackwell and Kizer are both federal, not state agents.  In addition, the charges brought against plaintiff were based on federal law, not state law.  Because defendants did not act under color of state law, plaintiff's complaint against Blackwell and Kizer under § 1983 will be dismissed for failure to state a claim upon which relief can be granted.

<u>Section 1985 Claim</u>

Plaintiff's complaint also alleges conspiracy claims under 42 U.S.C. § 1985. The Sixth Circuit has held that:

> To establish a claim under 42 U.S.C. § 1985(3), a plaintiff must prove (1) a conspiracy involving two or more persons (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws and (3) an act in furtherance of the conspiracy (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States. Plaintiff must also establish that the conspiracy was motivated by a class-based animus.

*Johnson v. Hills & Dales General Hosp.,* 40 F.3d 837, 839 (6th Cir. 1994).  There is no cause of action against the United States under § 1985(3) because there is no waiver of sovereign immunity.  In addition, plaintiff's complaint fails to make any allegation that "the

conspiracy was motivated by a class-based animus" and therefore missing a vital component. Therefore, plaintiff's § 1985 claims against the United States and defendants Blackwell and Kizer will be dismissed for failure to state claims upon which relief can be granted.

## Common Law Claims Against Blackwell and Kizer

Under the Federal Employees Liability Reform and Tort Compensation Act of 1988, 28, U.S.C. § 2679 (the "Westfall Act"), the United States is to be substituted in a civil action for money damages brought against a federal employee who is alleged to have committed a common law tort while acting within the scope of his employment. *See* 28 U.S.C. § 2679(b)(1); *Osborn v. Haley,* 127 S.Ct. 881, 887-88 (2007); *RMI Titanium Co. v. Westinghouse Elec. Corp.,* 78 F.3d 1125, 1142 (6th cir. 2000). The Westfall Act provides:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(1); *RMI Titanium,* 78 F.3d at 1143 (6th cir. 2000). The Attorney General has delegated to the United States Attorney the authority to provide such certification. 28 C.F.R. § 15.4; *Id.* Upon the United States Attorney's certification, the employee is dismissed from the action, and the United States is substituted as defendant

in place of the employee. The litigation is thereafter governed by the FTCA. *Osborne*, 127 S.Ct. at 888.

The United States Attorney for the Eastern District of Tennessee, pursuant to 28 U.S.C. § 2679(d)(1) and 28 C.F.R. 15.4, has certified that Blackwell and Kizer were both acting within the scope of their offices and employment at the time of the incidents complained of by plaintiff. Therefore, pursuant to the provisions of 28 U.S.C. § 2679(d)(1), all state common law claims alleged in plaintiff's complaint are deemed claims against the United States, and the United States is substituted as the sole party defendant respecting such common law tort claims. Accordingly, all state common law claims against defendants Blackwell and Kizer will be dismissed.

The federal two-year statute of limitations, discussed above, bars any cognizable tort claims under the FTCA, and sovereign immunity bars any claims non-cognizable under the FTCA. Accordingly, any state common law claims against the United States will be dismissed for lack of subject matter jurisdiction.

<u>Constitutional Tort Claims Against Blackwell and Kizer</u>

Tennessee's one-year limitations period for personal injury actions governs plaintiff's constitutional tort claims against defendants Blackwell and Kizer. *See* Tenn. Code Ann. § 28-3-104(a); *Berndt v. Tennessee,* 796 F.2d 879, 883 (6th Cir. 1986). Plaintiff had one year from his notice of the dismissal of his criminal case on May 28, 2004 to file

a civil suit. Plaintiff timely filed his original complaint in the Middle District on May 26, 2005, but that case was dismissed in the Middle District on February 2, 2006. For tolling of the statute of limitations to apply, plaintiff needed to have served the individual defendants with the summons and complaint. *See* Tenn. Code Ann. § 28-1-105(a).

Rule 4.04(1), Tennessee Rules of Civil Procedure, sets forth that service shall be made:

> Upon an individual other than an unmarried infant or an incompetent person, by delivering a copy of the summons and of the complaint to the individual personally, or if he or she evades or attempts to evade service, by leaving copies thereof at the individual's dwelling house or usual place of above with some person of suitable age and discretion then residing therein, whose name shall appear on the proof of service, or by delivering the copies to an agent authorized by appointment or by law to receive service on behalf of the individual served.

In the instant case, plaintiff attempted to serve defendants Blackwell and Kizer by certified mail addressed to the "U.S. Dept. of Justice, 800 Market Street, Suite 211, Knoxville, TN 37902." While service upon the Department of Justice may be effective for defendants in their official capacities, it is insufficient to establish personal jurisdiction over them in their individual capacities. *Ecclesiastical Order of the Ism of Am v. Chasin,* 845 F.2d 113, 116 (6th Cir. 1988). Personal service does not include service at a defendant's place of employment. F.R.C.P. 4(e); *Daly-Murphy v. Winston,* 837 F.2d 348, 355 (9th Cir. 1987). The fact that defendants may have had actual notice of the suit is immaterial. *See Ecclesiastical,* 845 F.2d at 116.

Plaintiff never properly served the individual defendants in the original suit in the Middle District. *See* Declarations of Blackwell and Kizer [Docs. 8-4, 8-5]. Nor has plaintiff effected service of process upon Blackwell and Kizer personally in the Eastern District. Because of the lack of personal service in either case, tolling does not apply, and the plaintiff's claims against Blackwell and Kizer, individually, are barred by the Tennessee one-year statute of limitations and will be dismissed.

Because the defendants' motion to dismiss is dispositive, the court need not reach an analysis of the merits of defendant's motion for summary judgment.

Conclusion

For the reasons set forth above, the defendants' motion to dismiss [Doc. 8] is **GRANTED** and the United States of America, Guy Blackwell and Randall Kizer are hereby **DISMISSED** as defendants. Defendant Bruce Poston has not moved the court to dismiss the claims against him and he remains as a defendant in this action.

**ENTER:**

      s/ Thomas W. Phillips      
United States District Judge